CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* GUSLEY.

[Cite as *Cleveland Metro. Bar Assn. v. Gusley,*

133 Ohio St.3d 534, 2012-Ohio-5012.]

*Attorneys—Misconduct—Failure to act with reasonable diligence in representing a client—Failure to set forth contingent-fee agreement in writing signed by a client—Public reprimand.*

(No. 2012-0677—Submitted May 9, 2012—Decided October 31, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-117.

_____

**Per Curiam**.

{¶ 1} Respondent, Mark Rudolf Gusley of Cleveland, Ohio, Attorney Registration No. 0056243, was admitted to the practice of law in Ohio in 1991. On December 5, 2011, relator, Cleveland Metropolitan Bar Association, charged respondent with professional misconduct arising from his failure to enter into a written contingent-fee agreement with a client and his failure to register for the electronic-filing system of the United District Court for the Northern District of Ohio, which resulted in respondent's not receiving notices of filings in the client's case and missing a filing deadline.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the consent-to-discipline agreement, Gusley stipulates to the facts as alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.5(c)(1) (requiring an attorney to have

set forth a contingent-fee agreement in a writing signed by the client). Relator has agreed to the dismissal of the alleged violation of Prof.Cond.R. 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal).

{¶ 4} The parties stipulate that mitigating factors include the absence of a prior disciplinary record, absence of a selfish motive, a timely good-faith effort to rectify the consequences of the misconduct by registering with the United States District Court for the Northern District of Ohio, and full and free disclosure and a cooperative attitude toward the disciplinary proceedings. The parties do not stipulate to any aggravating factors. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d). Based upon these substantial mitigating factors, the parties stipulate that a public reprimand is the appropriate sanction for Gusley's misconduct.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. We agree that Gusley violated Prof.Cond.R. 1.3, 1.4(a)(3), and 1.5(c)(1) and that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement, and we dismiss the charged violation of Prof.Cond.R. 3.4(c).

{¶ 6} Accordingly, Gusley is hereby publicly reprimanded for his violation of Prof.Cond.R. 1.3, 1.4(a)(3), and 1.5(c)(1). Costs are taxed to Gusley.

Judgment accordingly.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., dissents and would dismiss the complaint.

_____

Heather Zirke; and Walter & Haverfield, L.L.P., Darrell A. Clay, and Bonnie S. Finley, for relator.

Steven G. Janik and Audrey K. Bentz, for respondent.

_____